[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on May 6, 1989, in Groton, Connecticut. Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings. No children were born to the wife during the marriage.
The Court finds from the evidence presented that the marriage has broken down irretrievably, there is no prospect for reconciliation and a decree of dissolution may enter.
This is a relatively short marriage. The parties actually lived together as husband and wife for approximately twenty-six (26) months.
From the evidence presented, the husband makes the following findings:
(1) Both of the parties share equal responsibility for the breakdown of the marriage.
(2) The wife removed approximately $6,600 from joint accounts on August 5, 1992. This was done without the knowledge of the husband. (See Defendant's Exhibits D and E.)
(3) Husband transferred two vehicles to his parents for less than adequate consideration. This was an attempt to keep these assets from being considered by the Court.
(4) Most of the work on the marital premises was done by the husband.
(5) The husband has been less than candid concerning his income and financial transactions.
Both of the parties are in good health and have comparable formal educations. The wife is presently attending Albert's School of Hair and is working part-time as a food server/bartender.
The husband is a self-employed carpenter. He has CT Page 9641 reported gross weekly income of $216 with a net of $177.10. As indicated above, the Court does not accept these income figures. His spending is not commensurate with his reported earnings. Further, his lack of records and cash accounting is suspect.
Considering the length of the marriage, the assets which the parties brought into the marriage, the wife's unilateral use of joint funds in the approximate amount of $6,600, together with all of the other criteria mandated by Connecticut General Statutes Sections 46b-81 and 46b-82, the Court further orders as follows:
(1) No periodic alimony is awarded to either party.
(2) The husband shall pay to the wife as a lump sum property settlement the sum of $5,000. Said sum to be paid at the rate of $100 per week.
(3) The alimony arrearage of $1,575 is to be paid within ninety (90) days.
(4) By judicial decree, this Court hereby assigns to the husband all of the wife's title and interest in the marital premises located at 515 Boston Post Road, Waterford, Connecticut.
(5) Each of the parties shall be responsible for his or her own attorney's fees and costs.
(6) The wife's birth name of Losacano is restored to her.
Mihalakos, J.